UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEROY PORCHIA,

        Petitioner,

  v.

GOWER,

        Respondent.

No. 2:15-cv-0021 JAM AC P (TEMP)

ORDER

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

Examination of the affidavit shows petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

I. Screening

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." When considering whether a petition presents a claim upon which habeas relief can be granted, the court draws from the Federal Rules of Civil Procedure by accepting the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construing the petition in the light most favorable to the petitioner. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires a state habeas petitioner to specify the relief he seeks, all of the grounds for that relief, and the factual basis for each ground of relief. Here, the petition is entirely blank as to the relief the petitioner seeks and as to the legal and factual basis that would support it. The only salient information in the petition is the fact that petitioner is serving an indeterminate life sentence for possession of a controlled substance. (ECF No. 1 at 1.) Otherwise there is no statement from which the court could discern the nature of habeas relief petitioner seeks or why he thinks he should receive it. The petition therefore fails the screening test required by 28 U.S.C. § 1915A, and it must be dismissed.

The court will, however, provide petitioner with an opportunity to file an amended petition that meets all of the screening and pleading requirements described in this order. If petitioner chooses to amend, the court will examine the amended petition according to the same screening standards described above. Petitioner is further informed that the court cannot refer to a prior pleading in order to make an amended petition complete. Local Rule 220 requires that an

1 amended pleading be complete in itself without reference to any prior pleading.  This is because,
2 as a general rule, an amended petition supersedes the original.  See Loux v. Rhay, 375 F.2d 55, 57
3 (9th Cir. 1967).  Once petitioner files an amended petition, the prior petition no longer serves any
4 function in the case.  Therefore, in an amended petition, as in an original petition, each claim
5 must be sufficiently alleged.

6      It is important that the amended petition identify the ***trial court*** in which petitioner was
7 convicted, and if possible provide the case number from that court and the date of the conviction.
8 This is the information requested in the very first question of the form petition.  Beginning on
9 page 6 of the form petition, petitioner must ***specify his grounds for relief***.  Each "ground" is a
10 separate reason for the federal court to grant habeas relief.  For each ground, petitioner must say
11 in section (a) ("Supporting facts") what happened that violated his rights and makes his
12 conviction unconstitutional.  The petition must let the respondent and the court know what issues
13 petitioner wants the court to decide.  If no claims are stated, respondent cannot be ordered to
14 answer and the petition cannot proceed.

15      II.   Motion for appointment of counsel

16      Petitioner has also filed a separate motion for appointment of counsel.  In it, he states that
17 "I lack the education and don't understand most of the words that [are] used" and "when I last
18 went to school I was in special ed.[,] so I really need help with this."  (ECF No. 3 at 4, 9.)

19      There currently exists no absolute right to appointment of counsel in habeas proceedings.
20 See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A
21 authorizes the appointment of counsel at any stage of the case "if the interests of justice so
22 require."  See Rule 8(c), Fed. R. Governing § 2254 Cases.  In some limited circumstances, a
23 prisoner's intellectual impairment or deficient grasp of the legal issues at the center of his habeas
24 case can justify appointment of counsel.  But in ruling on a motion to appoint habeas counsel, the
25 court has to consider more than the petitioner's competence as an advocate for himself.  "In
26 deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the
27 likelihood of success on the merits as well as the ability of the petitioner to articulate his claims
28 … in light of the complexity of the legal issues involved."  Weygandt v. Look, 718 F.2d 952, 954

1 (9th Cir.1983) (emphasis added).  With his petition entirely devoid of any legal or factual

2 substance and only a conclusory statement that he "lack[s] the education" to prosecute his own

3 case, petitioner gives this court nothing on which it can make the required determination

4 regarding appointment of counsel.[1]  Therefore his motion for appointment of counsel must be

5 denied.

6       Therefore, IT IS HEREBY ORDERED that:

7       1.  Petitioner is granted leave to proceed in forma pauperis (ECF No. 2).

8       2.  Petitioner's application for writ of habeas corpus is dismissed with leave to amend

9 within thirty days from the date of this order.

10       3.  Any amended petition must bear the case number assigned to this action and the title

11 "Amended Petition."

12       4.  The Clerk of the Court is directed to send petitioner the court's form for application for

13 writ of habeas corpus.

14       5.  The motion for appointment of counsel (ECF No. 3) is denied.

15 DATED: January 6, 2016

16 _____
ALLISON CLAIRE
17 UNITED STATES MAGISTRATE JUDGE

---

[1] In fact, the few representations that petitioner has made in requesting the appointment of counsel suggest to the court that he is either capable of proceeding on his own behalf or at least has the resources to inform the court in his own words why he should receive habeas relief – whatever that may be.  It is incumbent on petitioner, therefore, to make a good faith attempt to use his resources as an advocate for himself before the court will consider appointing somebody else to advocate for him.